IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01668-PAB-CBS

MIGUEL MARES MARTINEZ, a Minor by his Mother and Next Friend,
Margarita Martinez,

    Plaintiff,

v.

ELZA GUAJARDO, as the Assistant Principal at Lake Middle School,
TRACY ALLGEIER, as a Student Advisor at Lake Middle School, and
DENVER PUBLIC SCHOOLS DISTRICT NO. 1, A Colorado School District,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court on defendants' motion to dismiss [Docket No. 4]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

In April 2009, plaintiff was a thirteen year old special education student at Lake Middle School, which is a school within defendant Denver Public Schools District No. 1. Defendant Elza Guajardo was the assistant principal and defendant Tracy Allgeier was a student advisor at Lake Middle School at the time. *See* Docket No. 3 at 1-2, ¶¶ 2-5. On April 3, 2009, a Lake Middle School student subjected "plaintiff to unlawful sexual contact as defined in [Colo. Rev. Stat. §] 18-3-404(1)(c) . . . in an elevator of the Lake Middle School building while the two were alone and unsupervised in said elevator." Docket No. 3 at 2, ¶ 6.

Plaintiff asserts two claims for relief arising out of the April 3, 2009 incident.

First, he alleges that defendants negligently failed to protect him. *See* Docket No. 3 at 2, ¶ 7. Second, plaintiff alleges that defendants "intentionally deprived [him] of life, liberty, happiness, safety and due process and equal protection guaranteed to him by the Constitution of the United States, all in violation of 42 U.S.C. section 1983." Docket No. 3 at 3, ¶ 13.

## II. STANDARD OF REVIEW

Defendants move to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Here, the defendants' arguments constitute a facial attack and, therefore, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). However, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).[1]

---

[1] Defendants "believe that there is no legitimate basis to dispute the facts upon which this motion is based, but if such a dispute arises, Defendants request an evidentiary hearing under the foregoing authorities." Docket No. 4 at 8. In response to defendants' motion, plaintiff does not identify any factual dispute that must be resolved

2

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even

---

in order to determine the Court's jurisdiction. With the exception of an issue relevant to notice, *see* Docket No. 8 at 5, which the Court does not need to address, both parties limit their discussion to the facts alleged in the complaint.

though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. DISCUSSION

### A. Plaintiff's First Claim for Relief

Defendants argue, *inter alia*, that plaintiff's first claim for relief is barred by the Colorado Governmental Immunity Act ("CGIA"), which provides that a "public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section." Colo. Rev. Stat. § 24-10-106(1).[2]  Plaintiff alleges that "defendants created a dangerous condition at a public building which provides for an exception of [sic] government immunity under the statute." Docket No. 3 at 2, ¶ 7. On a motion to dismiss, the question of immunity pursuant to the CGIA is a jurisdictional issue. *See Padilla ex rel. Padilla v. School Dist. No. 1*, 25 P.3d 1176, 1180 (Colo. 2001).

The CGIA provides that "[s]overeign immunity is waived by a public entity in an action for injuries resulting from . . . [a] dangerous condition of any public building." Colo. Rev. Stat. § 24-10-106(1)(c). In order to establish a waiver of immunity pursuant to this exception, the Colorado Supreme Court requires that "the injuries occurred as a result of . . . the *physical condition* of the public facility or the use thereof." *See*

---

[2]Defendant Denver Public School District No. 1 is a "public entity." *See* Colo. Rev. Stat. § 24-10-103(5).

*Springer v. City and County of Denver*, 13 P.3d 794, 799 (Colo. 2000) (emphasis added); *cf. id.* ("Additionally, the dangerous condition must be associated with construction or maintenance, not solely design."). Plaintiff does not allege in his complaint or identify in his response any injuries resulting from the physical condition or use of Lake Middle School. Therefore, plaintiff's first claim for relief, which he does not dispute lies in tort, must be dismissed as to all defendants[3] pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. Plaintiff's Second Claim for Relief

Defendants argue that plaintiff failed to plead sufficient facts to support his section 1983 claim. The Court agrees. Plaintiff's only allegation regarding conduct by defendants is, as noted above, that defendants "created a dangerous condition at a public building." Docket No. 3 at 2, ¶ 7.

The Due Process Clause of the Fourteenth Amendment prohibits state deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. While generally "state actors are liable under the Due Process Clause only for their own actions and not the actions of private citizens," there are two exceptions to this general rule. *Johnson v. Holmes*, 455 F.3d 1133, 1141 (10th Cir. 2006). "State officials may be subject to constitutional liability if they: (1) create a danger that results in a harm to an individual, even if that harm is not ultimately inflicted by a state official; or (2) if the state has a 'special relationship' with the individual who is harmed by the

---

[3] Plaintiff sues defendants Guajardo and Allgeier only in their official capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

third party." *Id. See Currier v. Doran*, 242 F.3d 905, 917-18 (10th Cir. 2001) ("[S]tate officials can be liable for the acts of third parties where those officials created the danger that caused the harm.") (quotation marks and citations omitted).

Plaintiff does not allege a "special relationship." Rather, plaintiff's second claim is based on defendants having created a danger that injured plaintiff. To succeed on a danger creation claim,

> Plaintiff must demonstrate that (1) [Plaintiff] was a member of a limited and specifically definable group; (2) Defendants' conduct put [Plaintiff] . . . at substantial risk of serious, immediate and proximate harm; (3) the risk was obvious or known; (4) Defendants acted recklessly in conscious disregard of that risk; and (5) such conduct, when viewed in total, is conscience shocking.

*Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir.1995). In his complaint, plaintiff has done nothing more than identify a general theory of recovery, i.e, "danger creation," but has failed to allege "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under" that legal theory. *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted). Plaintiff's second claim for relief constitutes nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Therefore, the claim must be dismissed as to all defendants for failure to state a claim.[4]

## IV. CONCLUSION

For the foregoing reasons, it is

---

[4]In their motion, defendants also request an award of attorney's fees. *See* Docket No. 4 at 10-11. Defendants, however, have yet to comply with Federal Rule of Civil Procedure 54(d)(2) or D.C.COLO.LCivR 54.3. Consequently, the Court will not reach defendants' request for attorney's fees.

**ORDERED** that defendants' motion to dismiss [Docket No. 4] is GRANTED.

This case is dismissed in its entirety.

DATED August 24, 2011.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge