IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01668-PAB-CBS

MIGUEL MARES MARTINEZ, a Minor by his Mother and Next Friend, Margarita Martinez,

    Plaintiff,

v.

ELZA GUAJARDO, as the Assistant Principal at Lake Middle School,
TRACY ALLGEIER, as a Student Advisor at Lake Middle School, and
DENVER PUBLIC SCHOOLS DISTRICT NO. 1, A Colorado School District,

    Defendants.

---

### ORDER

---

This matter is before the Court on defendants' motion for attorney's fees [Docket No. 15]. The motion is fully briefed and ripe for disposition.

Plaintiff's amended complaint in this action asserted two claims for relief, one alleging negligence under state law and the other alleging a constitutional violation pursuant to 42 U.S.C. § 1983. The Court exercised original jurisdiction of the § 1983 claim and pendant jurisdiction over the state law tort claim. On August 24, 2011, the Court dismissed plaintiff's state law claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and his federal claim pursuant to Rule 12(b)(6).

When a tort claim "is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." Colo. Rev. Stat. § 13-17-201; *see Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000) ("Section

13-17-201 expressly applies only to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure. However, we find the statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6)."). "[A]n award of attorney fees is mandatory when a trial court dismisses an action under Rule 12(b)." *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715-16 (10th Cir. 2009). The Court, therefore, must award defendants their fees for defending the state tort claim.

Other than identifying a charge for which defendants concede they should not recover and which defendants subtracted from their request, *see* Docket No. 24 at 5-6, plaintiff does not take issue with the hourly rate or number of hours identified by defendants as relating to defense of the state law tort claim. Having reviewed defendants' request for $7,885.95, which constitutes the fees expended that were not "specifically dedicated" to the § 1983 claim, *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 2011 WL 3568165, at *3 (D. Colo. Aug. 15, 2011), the Court concludes that it represents a reasonable fee. *See United States ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, 793 F. Supp. 2d 1260, 1264 (D. Colo. 2011) ("The 'lodestar' – the reasonable number of hours spent multiplied by a reasonable hourly rate – is the 'presumptively reasonable' attorneys' fee.") (quoting *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992)).

Defendants further request that the fee award be entered jointly and severally against plaintiff, plaintiff's next friend, and plaintiff's counsel. Defendants cite authority for the proposition that a party's next friend or guardian *ad litem* can be held

responsible for costs and fees and contend that plaintiff's counsel was acting in that capacity.  See Docket No. 15 at 3.  Although plaintiff's counsel does not dispute that, if fees are awarded pursuant to § 13-17-101, he can and should be held jointly liable, defendants do not identify authority specifically stating that a plaintiff's counsel may be held jointly responsible for fees pursuant to § 13-17-101 *in addition* to plaintiff's next friend.  Defendants do contend that the case was frivolous, but have not sought to recover fees from plaintiff's counsel pursuant to Fed. R. Civ. P. 11 or 28 U.S.C. § 1927.  Therefore, the Court will enter the fee award against plaintiff and plaintiff's next friend only.

For the foregoing reasons, it is

**ORDERED** that defendants' motion for attorney's fees [Docket No. 15] is GRANTED in part and DENIED in part.  Attorney's fees in the amount of $7,885.95 are awarded to defendants and against plaintiff and plaintiff's next friend jointly and severally.

DATED September 11, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge